LINGOTT, Appellant, v. BIHLMIRE, Respondent.

*September 9—October 5, 1965.*

For the appellant there was a brief by *Lichtsinn, Dede, Anderson & Ryan* of Milwaukee, and oral argument by *Eldred Dede.*

For the respondent there was a brief by *Charne & Tehan* of Milwaukee, and oral argument by *Irvin B. Charne*.

GORDON, J. When we remanded this case to the circuit court after the 1964 appeal, Judge WATTS was confronted with the difficult task of applying sec. 75.61 (1), Stats., pursuant to this court's mandate. While the language of the statute appears reasonably clear on its face, its actual application to this type of case is cumbersome.

Upon deliberation, it is the conclusion of this court that sec. 75.61 (1), Stats., contemplates that when a tax sale is voided the amount to be paid into the court is the amount of all taxes accumulated to the date of the tax sale plus any sums actually paid by the purchaser for taxes levied upon the premises subsequent to such sale; the phrase "person or persons claiming under such tax sale or tax certificate" is not limited to the taxing authority which took the tax deed, but it is broad enough to include the first purchaser of the property from the taxing authority.

The appellant has suggested that the statute requires one who successfully voids a tax sale to pay into court only the amount of money which was transferred at the time of the issuance of the tax deed. We reject this interpretation since it excludes accumulated taxes which were permitted to merge under sec. 75.36 (9) (a), Stats. In addition, the appellant's interpretation does not give sufficient importance to the express clause of the statute which provides that the amount to be paid into court shall include not only the amount for which the land was sold but also "the amount paid by such person or persons for taxes levied upon the premises subsequent to such sale."

Also, we are unable to adopt the appellant's argument that only the grantee of the tax deed (here, Walworth county) can qualify as the "person or persons claiming under

such tax sale or tax certificate." In our view, the statute contemplates that the land may be sold to someone other than a taxing authority; a sale by one taxing entity to another governmental unit to which taxes were owed does not deplete all the possible tax sales which are covered by the statute.

We believe that the first conversion of the land into dollars by a sale to a party who is not a taxing entity is also a sale for taxes within the intendment of the statute. Whether subsequent purchasers could be included within the statute need not be determined in this case. Thus, when the county took a tax deed and conveyed to Mr. Bihlmire, the latter was a person "claiming under such tax sale."

We recognize that the application of the statute to this type of controversy is a difficult one. We deem our analysis to be reasonably consistent with the language and consonant with the basic purpose of the statute. In *Estate of Evans,* ante, pp. 97, 101, 135 N. W. (2d) 832, we noted that, "A statute should not be construed so as to work absurd or unreasonable results." See also *Isaksen v. Chesapeake Instrument Corp.* (1963), 19 Wis. (2d) 282, 120 N. W. (2d) 151. Cf. *Marshfield v. Cameron* (1964), 24 Wis. (2d) 56, 62, 127 N. W. (2d) 809; *Appleton v. Outagamie County* (1928), 197 Wis. 4, 220 N. W. 393.

Upon the foregoing interpretation, Mrs. Lingott should be required to pay into court the total taxes and interest on the property through 1962. The record suggests that this figure, as of January 16, 1963, was $52,614.75. In addition, she should be required to pay in any additional sums which were actually paid by Mr. Bihlmire as taxes for these premises subsequent to the time he received his deed. Interest at eight percent on the $52,614.75 is to be paid from March 13, 1964. As to any additional sums actually paid by Mr. Bihlmire as taxes, interest thereon at eight percent

is to be paid by Mrs. Lingott from the date or dates of payment.

The foregoing paragraph assumes, but does not purport to determine, that the figure of $52,614.75 (as stated by the county treasurer) will be found by the trial court to be the correct total of the accumulated and merged taxes which had been unpaid as of March 13, 1964. Upon the remand the trial court should satisfy itself as to the correct amount of taxes and interest which were due as of March 13, 1964, and add thereto any sums (with interest) subsequently paid by the defendant for taxes, and then the court should enter a new order based thereon.

*By the Court.*—Order reversed, and cause remanded with directions.