LINGOTT, Appellant, v. BIHLMIRE, Respondent.*

*January 8—February 27, 1968.*

* Motion for rehearing denied, without costs, on May 7, 1968.

120

For the appellant there were briefs and oral argument by *Stephen R. Miller* of Milwaukee.

For the respondent there was a brief by *Charne & Tehan* of Milwaukee, and oral argument by *Irvin B. Charne*.

HANLEY, J. Respondent raises two contentions preliminary to reaching the merits, namely, (1) Whether the trial court should have dismissed the action on his motion; and (2) whether the appellant has waived her right to appeal.

*Motion to Dismiss.*

Respondent's motion to dismiss the action in the trial court and his motion to dismiss the appeal were based on the theory that Mrs. Lingott's right to bring the instant action depends upon her status as a holder of a judgment of foreclosure in *Syver v. Hahn, supra,* and that he became subrogated to her rights by paying the amount of her judgment into the county court under sec. 278.15, Stats., and that he is properly the plaintiff and entitled to dismiss the action. The trial court ruled that respondent's interest was possessory and that he could not become subrogated under sec. 278.15, since he is not a lienholder. Subsequent to this ruling respondent obtained an order from the county court of Walworth county, the court in which the foreclosure action is pending, declaring that he was subrogated to appellant's rights in the foreclosure judgment as of May 27, 1966. Based on this order, respondent, by order to show cause, returnable July 28, 1967, moved the trial court for an order dismissing the action on its merits. The trial court determined that since appellant served and filed her notice of appeal on July 24, 1967, it was without jurisdiction.

Both appellant's notice of appeal and respondent's notice of cross appeal purport to appeal only from the final order of February 9, 1967. Prior to that the trial court had ruled on the subrogation question on the merits, which ruling we believe was correct. The possible effect of the subrogation order of the county court is not before the supreme court, however, since it was made subsequent to February 9, 1967. Thus the trial court's denial of respondent's motion to dismiss is not error. Not reached is the question of whether the mortgage Hahn executed in Mrs. Lingott's favor would be sufficient to maintain this action.

*Waiver of Right to Appeal.*

Appellant's notice of appeal indicates she is appealing from that portion of the order of February 9, 1967, which determines the amount of taxes and interest due from the appellant and from the failure of the order to declare the second tax deed null and void. The trial court announced its decision on January 13, 1967, and modified it on January 27, 1967. Appellant was allowed until noon of February 10, 1967, to pay into court the amount of money determined by it. She paid the amount under protest, took judgment (the reference is to the document signed by the trial court on February 9, 1967, and denominated a "final order"), and appealed.

Respondent contends that by paying the money into court, even under protest, and by causing a final judgment to be entered, she waived her right to appeal, citing as authority *Steneman v. Breyfogle* (1933), 211 Wis. 5, 8, 247 N. W. 337. However, inasmuch as this is the only way to prevent the further running of interest and since appellant manifested her dissatisfaction with the court's ruling at the time she made payment, we are of the opinion that she should not be held to have waived her right of appeal.

Respondent also urges that the payment under protest is not a sufficient compliance with sec. 75.61, Stats., for the reason that it was not made "for the person or persons claiming under such tax sale," but was made under conditions to prevent the money from being available to him. In view of our determination that payment under protest is a proper procedure in this case, we do not think that respondent's contention is sound. The alternative to payment under protest is nonpayment. In either case respondent would be without the use of the payment until the appeal is decided.

Turning to the merits of the controversy, two issues are presented: (1) Whether the tax deed dated July 1, 1966, in which respondent is the grantee should have been adjudged null and void, and (2) whether the trial court erred in computing the amount appellant must pay into court under sec. 75.61, Stats.

Appellant argues that in allowing the second tax deed to stand, the trial court has acted inconsistently with the mandate of the supreme court in the two prior appeals of this action, which voided the first tax deed on condition that plaintiff pay into court the amount of money the court determines in accordance with sec. 75.61. The trial court stated as follows in its oral decision from the bench on this matter on January 27, 1967:

". . . At this time it is our determination that in this proceeding we have no authority to vacate the tax deed of Walworth County to John W. Bihlmire on July 1, 1966 under Section 75.18, as that is not included as a document to be vacated under the Remand after the taxes and interest are set, the time allowed, and the payment made. Parties to that action are not all parties to this action. We are determining now that we have no authority to vacate the tax deed dated July 1, 1966 under Section 75.18, under the present Remand. We are not determining what would be the decision of this Court on such a request, if made, within the action of *Bihlmire versus Breidenbach*, Circuit Court File No. 15588, because the interested parties in that proceeding have not been notified and are not before the Court at this time.

"Whatever action the Court may or may not take in relationship thereto would have to await a proper presentation in that file."

We agree with the trial court's determination in this matter. The second deed did not come into existence until after the second appeal in this case. The issues had long since been formulated and tried. The mandate of the supreme court in *Lingott v. Bihlmire* (1964), 24 Wis. 2d 182, 128 N. W. 2d 625, 129 N. W. 2d 329, had

directed the entry of judgment setting aside the tax deed to Walworth county and the subsequent conveyance to Bihlmire on condition that the plaintiff Lingott pay into court an amount in accordance with the provisions of sec. 75.61, Stats. Apart from the reason that not all necessary parties are before the court, the trial court had discretion to refuse to allow amendment of the cause of action at such a late date. Proper presentation of this issue must await an action to try the title in which all of the necessary parties are before the court.

With respect to the trial court's computation of the amount Mrs. Lingott is required to pay into court to void the tax deed, she alleges that the trial court was in error in adding thereto the amount of $9,996.65, which represents the principal and interest on three tax certificates, two of which were dated October 18, 1949, and the third, October 17, 1950.

Sec. 75.20 (2), Stats., provides as follows:

"TAX CERTIFICATES DATED IN 1946 AND THEREAFTER. Tax certificates dated in 1946 and thereafter shall be void after 11 years following December 31 of the year in which such certificates were dated."

Sec. 75.20 (10), Stats., provides as follows:

"STAY BY INJUNCTION NOT PART OF LIMITATION. When the issuing of a deed on a tax certificate or certificates or the commencement of an action thereon shall be stayed by injunction, the time of the continuance of such injunction shall not be a part of the time hereinabove limited in this section as the life of a tax certificate."

The parties are in agreement that in *Hahn v. Walworth County*, the plaintiff, Soon K. Hahn, obtained an injunction prohibiting the county from executing and issuing any deed on tax sales on June 24, 1960. The dispute arises as to the date of dissolution.

Respondent contends the injunction was not dissolved until August 6, 1962. He relies on a stipulation entered into by the then parties to this action, Carol Lingott, Walworth county, and the city of Lake Geneva, on November 30, 1963. The stipulation was signed by Mrs. Lingott's attorney, Frederick Hillyer, who no longer represents her. The stipulation recites that "the attached record as abstracted of the three entitled cases may be used by the Supreme Court as facts therein to the extent they are relevant and material to the case . . ." The parties further stipulated that "the Clerk shall number these documents and transmit them to the Supreme Court, said documents to become part of the record and files of the case, all subject to approval of the trial court under Section 251.29." The stipulation was signed by Judge M. EUGENE BAKER.

One of the cases from which the record is abstracted is *Hahn v. Walworth County, supra*. The file is abstracted in part as follows:

"That a fair abstracting of the above file is:

". . . An injunction was granted against Walworth County taking tax deed in June of 1960 and was not dissolved until August, 1962 by Order of the County Court. (R–50) The County took tax deed on the same day. . . ."

Further, the record, on pages 382 and 383, shows that Mr. Charne, defendant Bihlmire's attorney, read a portion of the record of *Hahn v. Walworth County, supra*, into the record of the present case as follows:

"Mr. Charne: If it please the Court, the Clerk just brought the record in and I would like to put in the dates that the injunction was in effect. If it please the Court, I have here an order which is dated the third day of June, 1960, and which recites, paragraph 4, that until the hearing and determination of said motion, the defendant, their agents and attorneys, employees and servants, do absolutely desist and refrain from executing and issuing any

deed or deeds on said tax sale as indicated in their notice of December 11, 1959, and continued by letter of March 10, 1960, for a period of 90 days as set forth in copies of the notice herein attached and made a part by reference. Then, on the third day of June there is an affidavit by the attorney for the plaintiff in support of a motion for a temporary injunction. On the 24th day of June, 1960 is an injunction which provides, it is ordered, that the county of Walworth and H. Joseph Breidenbach, County Clerk thereof, defendants herein, their attorneys, agents, employees and servants, do absolutely desist and refrain from executing and issuing any deed or deeds on said tax sales as indicated in their notice of December 11, 1959 and continued by letter of March 10, 1960, for a period of 90 days, as set forth in copies of the notice hereto attached and made a party by reference until the further order of the court. And that again is dated the 24th day of June, 1960 and signed by Judge Morrissy.

"If the Court please, I then call the court's attention to an order dated the 6th day of August, 1962, which dismissed this action upon its merits and which provided in the Findings of Fact, number 5, that the limitation of time upon the taking of a tax deed has been tolled."

Sec. 889.07, Stats., provides that original records and files concerning any action in any court of the state upon being produced by the legal custodian thereof be receivable into evidence whenever relevant. The plaintiff objected to the relevancy but not to the failure to comply with the statute.

Appellant contends that Mr. Charne's above remarks were merely argument by counsel and not part of the record. This is clearly not the case, and appellant having waived any objection except that of relevancy, we think it must be taken as a verity that the injunction was in force from June 24, 1960, to August 6, 1962.

In her reply brief appellant asks the court to take judicial notice of pages 37 and 78 of the record on appeal of *Hahn v. Walworth County,* which she reproduces in her appendix. The pages purport to show that the in-

junction was dissolved on August 11, 1960. The record of that case is no longer before the court and the copies of the pages of the record containing the injunction order and judgment are not certified as provided for in sec. 889.07, Stats. As an alternate ground for consideration of the two pages of the record in the former action, appellant relies on the same stipulation that Bihlmire does. The stipulation by its terms, however, is limited to the attached abstract of the records of the actions. The stipulation supports the defendant's version of the facts only.

We conclude the trial court was correct in adding the amount of the three certificates to the amount Mrs. Lingott must pay as a condition for the avoidance of the tax deed of August 6, 1962. Appellant by her argument concedes that if the statute is tolled for the period of time the defendant suggests, the additional amount is proper.

Finally, the respondent contends that the trial court erred in excluding interest for the period from August 31, 1962, to March 13, 1964, from the amount Mrs. Lingott must pay into court. August 31, 1962, represents the end of the month in which the county took the first tax deed. March 13, 1964, is the date on which the county quitclaimed its interest to Bihlmire. The trial court excluded interest for two reasons: (1) It felt that the tax certificates merged into the deed taken by the county; and (2) it considered that the mandate of the supreme court in *Lingott v. Bihlmire* (1965), 28 Wis. 2d 345, 137 N. W. 2d 125, prohibited it.

Sec. 75.61, Stats., provides that the plaintiff shall pay into court as a condition to judgment the amount for which the land was sold at the tax sale and the amount paid by such purchaser in taxes after the sale, with interest on all such amounts at the rate of eight percent per annum from the time of payment until the time of judgment. Manifestly, if the county had retained the

property, plaintiff would have had to pay interest beginning from August 6, 1962, until the date of judgment. Bihlmire, as successor to the county's interest, has the same rights. We do not find the argument that the tax certificates merge in the deed persuasive because the language of the statute specifically directs the payment of interest on the amount for which the land was sold.

A subtler question is whether the mandate in the immediately prior appeal prevents interest from being paid for the period of time mentioned. In *Fullerton Lumber Co. v. Torborg* (1957), 274 Wis. 478, 483, 484, 80 N. W. 2d 461, the court stated as follows:

". . . The rule relevant to the instant matter is stated as follows: Where a mandate directs the entry of a particular judgment, it is the duty of the trial court to proceed as directed. The trial court may, however, determine any matters left open, and in the absence of specific directions, is generally vested with a legal discretion to take such action, not inconsistent with the order of the upper court, as seems wise and proper under the circumstances. 9 Bancroft, Code Practice and Remedies, p. 9770, sec. 7429. . . . In cases in which the appellate court reverses the decree and remands the cause to the lower court for further proceedings, that court can carry into effect the mandate of the appellate court only so far as its direction extends; but the lower court is left free to make any order or direction in further progress of the case, not inconsistent with the decision of the appellate court, as to any question not presented or settled by such decision. 3 Am. Jur., Appeal and Error, p. 729, sec. 1233."

In that case the plaintiff sought an injunction to enforce a restrictive covenant and damages. The trial court held the covenant to be invalid and made no finding as to damages. On the first appeal, *Fullerton Lumber Co. v. Torborg* (1955), 270 Wis. 133, 70 N. W. 2d 585, the court reversed, holding the covenant to be valid. Damages were not referred to by either party on appeal. The trial court

refused to determine damages after the remand, whereupon another appeal was taken in which the supreme court held that the consideration of damages would not be inconsistent with the first mandate.

Here there is no doubt that the subject of interest was considered on the prior appeal. The court held that a certain figure, which it assumed but did not decide to be $52,614.75, representing the amount for which such land was sold with interest to January 16, 1963, should be paid into court. Also, interest on that same amount should be paid at the rate of eight percent per annum beginning March 13, 1964, together with all amounts subsequently paid by the defendant for taxes, with interest. No mention was made of interest payments for the time between January 13, 1963, and March 13, 1964, on the amount for which the land was sold. We think the trial court should have included interest for the time between August 31, 1962, and March 13, 1964, even though no mention was made of interest payments for that period on the prior appeal.

Upon the remand, the trial court should compute the interest for the period between August 31, 1962 and March 13, 1964.

*By the Court.*—Order modified and, as modified, affirmed and remanded for further proceedings.