STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

v.

Patrick A. SAUNDERS, Defendant-Appellant.

Supreme Court

*No. 01–0271. Decided October 24, 2002.*

2002 WI 119

(Also reported in 652 N.W.2d 391.)

¶ 1. PER CURIAM.   The motion for reconsideration is denied without costs.

¶ 2. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE *(concurring)*. Patrick Saunders filed a motion for reconsideration, asserting two grounds:

> (1) The court's decision overlooks and is in conflict with controlling legal authority, namely Wis. Stat. §§ 889.07[1] and 889.08;[2] and

> (2) When the court concludes that little material difference exists between a certified and uncertified copy of a

---

[1] Wisconsin Stat. § 889.07 provides as follows:

The original records, papers and files in or concerning any action or proceeding of any nature or description in any court of the state, being produced by the legal custodian thereof, shall be receivable in evidence whenever relevant; and a certified copy thereof shall be received with like effect as the original.

[2] Wisconsin Stat. § 889.08 provides in part as follows:

(1) Whenever a certified copy is allowed by law to be evidence, the copy shall be certified by the legal custodian of the original to have been compared by the custodian with the original, and to be a true copy thereof or a correct transcript therefrom, or to be a photograph of the original. The certificate must be under the custodian's official seal or under the seal of the court, public body or board, whose custodian the custodian is, when the custodian, court, body or board is required to have or keep such seal.

\* \* \* \* \*

(5) When a certified copy of any record, paper or instrument of any kind is made receivable in evidence such copy shall have the same effect as evidence as the original.

Saunders argues that Wis. Stat. § 889.07 is not limited to evidence offered at trial and that compliance with this statute is required in the present case. Saunders cites *Lingott v. Bihlmire,* 38 Wis. 2d 114, 127–28, 156 N.W.2d 439 (1968).

prior judgment of conviction, it overlooks important policy considerations evident in other statutes that explicitly require certified copies of a prior judgment.

¶ 3.    The State opposes the motion for reconsideration on two grounds, one procedural and the other substantive:

(1) The State's procedural argument is that a motion for reconsideration should not be employed to present a new argument; and

(2) The State's substantive argument on the merits is that the statutes cited do not require the use of a certified copy of a conviction and do not prohibit the use of an uncertified copy.

¶ 4.    The State's procedural argument is unconvincing. The motion in the present case alerts the court to a possible error or omission in its decision. The motion thus serves one of the primary purposes of a motion for reconsideration.[3] Most motions for reconsideration are denied because they re-argue issues already argued and considered. The motion in the present case does not fall into this category as neither the parties nor the majority and dissenting opinions referred to these statutes.

¶ 5.    I take no position on the substantive merits of the controversy. I write because I believe that in the interest of judicial economy, the court should decide, with or without further briefing, the legal issue Saunders raises in his motion and should forestall further litigation on the issue he presents.

¶ 6.    For the reasons set forth, I concur in the court's decision to deny the motion for reconsideration,

---

[3] *See* Michael S. Heffernan, *Appellate Practice and Procedure in Wisconsin* § 22.4 (2d ed. 1995 & Supp. 2001).

but I conclude that the court ought to issue an appropriate corrective or explanatory memorandum to its opinion on the issues raised.[4]

---

[4] The Internal Operating Procedures of the Supreme Court, part II. J., provide as follows:

Reconsideration, in the sense of a rehearing of the case, is seldom granted. A change of decision on reconsideration will ensue only when the court has overlooked controlling legal precedent or important policy considerations or has overlooked or misconstrued a controlling or significant fact appearing in the record. A motion for reconsideration may result in the court's issuing a corrective or explanatory memorandum to its opinion without changing the original mandate.