STATE of Wisconsin, Plaintiffs-Respondents,

v.

Mary C. BARNES, Defendant-Appellant. †

Court of Appeals

*No. 85–1516-CR. Argued August 21, 1985.—Decided October 9, 1985.*
(Also reported in 377 N.W.2d 624.)

---

† Petition to review pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

35

Before Brown, P.J., Nettesheim and Eich, JJ.

For the defendant-appellant there was oral argument by *Elizabeth E. Stephens,* assistant state public defender.

For the plaintiff-respondent there was oral argument by *Bronson C. La Follette,* attorney general, and *Kirbie Knutson,* assistant attorney general.

NETTESHEIM, J. The issue on this appeal is whether a trial court may impose bail as a condition of release under sec. 969.01(2)(b), Stats., which provides that after a conviction for a misdemeanor, "release shall be allowed upon appeal." We conclude that a trial court may

properly impose bail as a condition of release and affirm.[1]

Mary Barnes was convicted of a misdemeanor and sentenced to nine months in the Kenosha county jail. After initiating an appeal by contacting the public defender, Barnes moved for release pending appeal. The trial court granted the motion but imposed a $2500 cash bond as a condition of release. Barnes claims that the trial court had no authority under sec. 969.01(2)(b), Stats., to impose a monetary condition of release.

The interpretation of a statute presents a question of law. *In re I.V.,* 109 Wis.2d 407, 409, 326 N.W.2d 127, 128 (Ct. App. 1982). As such, this court owes no deference to the conclusion of the trial court. Id. The initial inquiry on any question of statutory construction is to the plain meaning of the statute. *State Historical Society v. Village of Maple Bluff,* 112 Wis.2d 246, 252, 332 N.W.2d 792, 795 (1983). Furthermore, the entire section of a statute and related sections are to be considered in its construction or interpretation. *Plachta v. Plachta,* 118 Wis.2d 329, 332, 348 N.W.2d 193, 195 (Ct. App. 1984).

Section 969.01(2)(b), Stats., provides that after conviction for a misdemeanor, "release shall be allowed upon appeal." Barnes argues that this language plainly and unambiguously requires her release and does not authorize a trial court to impose bail as a condition of release. We reject Barnes's argument. In the context of the entire statute, we find the language of the statute plain and unambiguous and are persuaded that a trial court may impose a monetary condition of release.

---

[1] We held oral argument on this question on August 21, 1985. At the conclusion of the argument and subsequent to a conference of the panel, our holding affirming the trial court's order was announced from the bench. At that time, we indicated that this decision would follow.

Section 969.01(2), Stats., establishes a defendant's eligibility for release after conviction but does not address conditions of release.[2] While subsec. (2)(b) states that release shall be allowed pending appeal of a misdemeanor conviction, we do not read that language as requiring an unconditional release of a defendant appealing a misdemeanor conviction. At oral argument, Barnes conceded that nonmonetary conditions could be imposed on a convicted misdemeanant but maintained that monetary conditions could not be imposed without violating the statute. We find no such distinction in the language of the statute. We are convinced that if the language of subsec. (2)(b) allows imposition of nonmonetary conditions of release, then it must allow imposition of monetary conditions of release as well.

Rather than isolating the language in sec. 969.01(2)(b), Stats., as Barnes does to support her argument, we look to the entire statute to determine the propriety of the trial court's order. Section 969.001(1), Stats., defines bail as a monetary condition of release. Section 969.01(4) addresses considerations in setting conditions of

---

[2] Section 969.01(2), Stats., provides:

 **(2)** AFTER CONVICTION. (a) Release pursuant to s. 969.02 or 969.03 may be allowed in the discretion of the trial court after conviction and prior to sentencing or the granting of probation.
 (b) In misdemeanors, release shall be allowed upon appeal.
 (c) In felonies, release may be allowed upon appeal in the discretion of the trial court.
 (d) The supreme court or a justice thereof or the court of appeals or a judge thereof may allow release after conviction.
 (e) Any court or judge or any justice authorized to grant release after conviction for a felony may, in addition to the powers granted in s. 969.08, revoke the order releasing a defendant.

release.[3] The first sentence states, "If bail is imposed, it shall be only in the amount found necessary to assure the appearance of the defendant." Sec. 969.01(4). This statement does not restrict the imposition of bail. Rather, it implies that bail is a condition of release that may be imposed. Subsection (4) indicates that bail is only one condition of release and provides that conditions of release, other than monetary conditions, may be imposed under appropriate circumstances. Nothing in subsec. (4) indicates that monetary conditions of release may not be imposed upon a convicted misdemeanant who is appealing his or her conviction.

Furthermore, this court must construe statutes so as to reach a commonsense meaning and avoid unreasonable and absurd results. *State v. Britzke,* 108 Wis.2d 675, 681, 324 N.W.2d 289, 291 (Ct. App. 1982), *aff'd,* 110 Wis.2d 728, 329 N.W.2d 207 (1983). Such a result would follow if this court accepted Barnes's argument that bail may not be imposed as a condition of release for a convicted misdemeanant. We would create a situation where a person charged with a misdemeanor but presumed innocent could be required to post a cash bond as a condition of release. *See* sec. 969.02(2), Stats. After being found guilty and convicted, however, that person could not, under Barnes's argument, be required to post a cash bond as a condition of release pending appeal. We will not construe the statute so as to allow such an absurd and unrea-

---

[3] Section 969.01(4), Stats., provides in pertinent part:

(4) CONSIDERATIONS IN SETTING CONDITIONS OF RELEASE. If bail is imposed, it shall be only in the amount found necessary to assure the appearance of the defendant. Conditions of release, other than monetary conditions, may be imposed for the purpose of protecting members of the community from serious bodily harm or preventing intimidation of witnesses. Proper considerations in determining whether to release the defendant without bail, fixing a reasonable amount of bail or imposing other reasonable conditions of release are. . . .

sonable distinction between the accused and the convicted.

We also note that the concept of release as used in subsec. (2)(b) for convicted misdemeanants is also used in subsec. (2)(c) for convicted felons. Subsection (2)(c) differs only in that it gives the trial court discretion whether to release a convicted felon. If we accept Barnes's argument that release for the convicted misdemeanant prohibits bail, we must also accept that prohibition for the convicted felon. For the same reasons as recited above, we reject Barnes's logic. Both convicted misdemeanants and convicted felons may be required to post bail as a condition of release pending appeal.

Finally, the legislative history of ch. 969, Stats., persuades us that bail may be imposed as a condition of release pending appeal of a misdemeanor conviction. We first note that the title of the chapter was changed in 1981 from "Bail" to "Bail and *Other* Conditions of Release." *See* sec. 3, ch. 183, Laws of 1981 (emphasis added). The title of a statute may be indicative of legislative intent. *State v. Mahaney,* 55 Wis.2d 443, 449, 198 N.W.2d 373, 375–76 (1972). This title language indicates that bail is among the conditions that may be attached to release.

The predecessor statute to the present sec. 969.01, Stats., provided "bail" to a defendant who was either accused or convicted and appealing. *See* sec. 969.01(1) and (2)(b), Stats. (1979–80). The use of the term "bail" in these contexts was discarded in the present statute in favor of the term "release." As a result, the concept of bail in the present statute was narrowed to cover only a "monetary condition of release." *See* sec. 969.001(1), Stats. We are persuaded that these changes indicate a legislative intent to permit the imposition of a monetary condition of release pending appeal of a misdemeanor conviction.

Barnes's release was properly conditioned on the posting of a cash bond. Therefore, we affirm the trial court's order.

*By the Court.*—Order affirmed.