STATE of Wisconsin EX REL. Margaret M.
ONDRASEK, Petitioner,

v.

CIRCUIT COURT FOR CALUMET COUNTY,
the Honorable Thomas S. Williams, Presiding,
Respondent. †

Court of Appeals

*No. 86-0250-W. Decided August 13, 1986.*

(Also reported in 394 N.W.2d 912.)

† Petition to review denied.

For the petitioner, the cause was submitted by *Thomas J. Janssen* of *Sigman Law Firm* of Appleton.

For the respondent, the cause was submitted by *Bronson C. La Follette*, attorney general, and *James D. Jeffries*, assistant attorney general.

Before Scott, C.J., Nettesheim and Sullivan, JJ.

NETTESHEIM, J. Margaret Ondrasek has filed a petition for supervisory writ of mandamus to direct the Honorable Thomas S. Williams to accept her request for a substitution of judge under sec. 801.58(7), Stats. This court, on February 12, 1986, stayed further proceedings in the circuit court and ordered that a response to the petition be filed. Judge Williams filed a letter response, essentially referring the court to his trial court decision denying the substitution request. Keith Ondrasek has filed a memo in opposition to the petition.

This petition arises from proceedings in the circuit court upon remand from this court in *Ondrasek v. Ondrasek*, 126 Wis.2d 469, 377 N.W.2d 190 (Ct. App. 1985), which addressed an appeal and cross-appeal from various provisions of a divorce judgment. In *Ondrasek*, this court affirmed the trial court's valuation of the work in progress at Keith's law firm, *id.* at 473, 377 N.W.2d at 192, but reversed the exclusion of Keith's law firm's accounts receivable and the valuation of the real estate and building. Those aspects of the property division were remanded. *Id.* at 473–74, 377 N.W.2d at 192. Because of the reversal of the property division, this court also remanded the question of family support.

This court's opinion was issued on October 9, 1985. Remittitur occurred on November 20, 1985. On December 10, 1985, Margaret filed a request for substitution of judge, pursuant to sec. 801.58(7), Stats. Judge Williams

denied the request for a substitution in a written decision filed on January 22, 1986. Margaret then filed this petition for a supervisory writ on February 10, 1986.

The question presented by this petition is whether, under this court's remand in *Ondrasek*, "further proceedings" in the trial court were necessary such that sec. 801.58(7), Stats., gave either party a right to substitution.[1] To answer this question, we must address the meaning of "further proceedings" as contemplated by secs. 801.58(7) and 808.08, Stats. The trial court, upon determining that the remanded issues were to be decided upon written briefs without further testimony, concluded that "further proceedings" would not therefore occur and refused the substitution request. We disagree and grant the supervisory writ.

In *State ex rel. Oman v. Hunkins*, 120 Wis.2d 86, 352 N.W.2d 220 (Ct. App. 1984), this court declined to extend the case law limitation to the right of judicial substitution in divorce modification matters to a substitution request made under sec. 801.58(7), Stats., following appeal and remand. *Oman*, 120 Wis.2d at 90–91, 352 N.W.2d at 222–23. We held that sec. 801.58(7) created

---

[1] We originally certified to the Wisconsin Supreme Court the question of whether the *"Bacon-Bahr"* exception to the right of substitution as recognized in divorce proceedings seeking modification of judgments should be extended to remand situations following an appeal such as here. We invited the supreme court's consideration as to the correctness of our decision in *State ex rel. Oman v. Hunkins*, 120 Wis.2d 86, 352 N.W.2d 220 (Ct. App. 1984), which held that the *"Bacon-Bahr"* exception did not apply in cases such as this. The supreme court declined to accept the certification on June 10, 1986. This issue was not raised by the parties. We chose not to certify the issue addressed in the briefs and upon which we now decide this appeal, concluding that such issue was not appropriate for certification to the supreme court.

an exception to the general procedure of sec. 801.58(1), *id.* at 90, 352 N.W.2d at 222, and that "[a] part from the twenty-day time limitation, there is no qualification to the substitution. A new judge shall be assigned." *Id.*

■

In *Oman,* however, we did not define "further proceedings." Where the appellate court reverses and remands a cause to the trial court for further proceedings, the trial court must effectuate the appellate court's mandate "so far as its direction extends." *Lingott v. Bihlmire,* 38 Wis.2d 114, 129, 156 N.W.2d 439, 446 (1968) (quoting *Fullerton Lumber Co. v. Torborg,* 274 Wis. 478, 483–84, 80 N.W.2d 461, 465 (1957)). The trial court "is left free to make any order or direction in further progress of the case, not inconsistent with the decision of the appellate court, as to any question not presented or settled by such decision." *Id.* at 129, 156 N.W.2d at 446–47 (quoting *Fullerton Lumber* at 484, 80 N.W.2d at 465).

Section 808.08, Stats., provides:

Further proceedings in trial court. When the record and remittitur are received in the trial court:

(1) If the trial judge is ordered to take specific action, the judge shall do so as soon as possible.

(2) If a new trial is ordered, the trial court, upon receipt of the remitted record, shall place the matter on the trial calendar.

(3) If action or proceedings other than those mentioned in sub. (1) or (2) is ordered, any party may, within one year after receipt of the remitted record by the clerk of the trial court, make appropriate motion for further proceedings. If further proceedings are not so initiated, the action shall be dismissed except that an extension of the one-year period may be granted, on notice, by the trial court,

if the order for extension is entered during the one-year period.

Section 801.58(7), Stats., provides:

> If upon an appeal from a judgment or order or upon a writ of error the appellate court orders a new trial or reverses or modifies the judgment or order as to any or all of the parties in a manner such that further proceedings in the trial court are necessary, any party may file a request under sub. (1) within 20 days after the filing of the remittitur in the trial court whether or not another request was filed prior to the time the appeal or writ of error was taken.

An issue concerning statutory construction presents a question of law. *State v. Barnes*, 127 Wis.2d 34, 37, 377 N.W. 2d 624, 625 (Ct. App. 1985). As such, this court owes no deference to the conclusion of the trial court. *Id.* The initial inquiry on any question of statutory construction is to the plain meaning of the statute. *Id.* In addition, the entire section of the statute and related sections are to be considered in its construction or interpretation. *Id.*

Both secs. 801.58(7) and 808.08, Stats., contemplate, in part, further proceedings in the trial court following a remand from an appellate court. As such, the statutes must be read *in pari materia* and in harmony with each other. See *State v. Amato*, 126 Wis.2d 212, 216, 376 N.W.2d 75, 78 (Ct. App. 1985).[2]

Even if we assume, arguendo, that the phrase "further proceedings" standing alone, as used in secs.

---

[2] The fact that the statutes are recited in different chapters is not significant since both deal with the same stage of the proceedings—remand following appeal.

808.08(3) and 801.58(7), Stats., is ambiguous, we conclude that such ambiguity is eliminated when the entire statute and related sections are considered. *See Barnes,* 127 Wis.2d at 37, 377 N.W.2d at 625.

Section 808.08(1), Stats., addresses a situation where the trial judge is ordered to take *specific* action following remittitur. We conclude that the use of the word "specific" contemplates something more precise and definite than the "further proceedings" required under our remand in *Ondrasek.* While our reversal in *Ondrasek* was premised upon the trial court's erroneous exclusion of accounts receivable and valuation of the real estate and building, the remand extended not only to the property division but also to the matter of family support. *Ondrasek,* 126 Wis.2d at 479, 377 N.W.2d at 194. Other than noting the errors which occasioned the partial reversal, our remand directed nothing specific of the trial judge other than the conducting of further proceedings. Indeed, recognizing the discretion accorded to trial courts in matters concerning property division and family support, a specific directive would have been wholly inappropriate.

Nor does sec. 808.08(2), Stats., apply to our remand in *Ondrasek* because a new trial was not ordered.

We are thus left with the question of whether the "further proceedings" required by our remand in *Ondrasek* are embraced by the proceedings contemplated under sec. 808.08(3), Stats. This statute is written in "catch-all" terms, intending, we conclude, to cover all of those actions or proceedings not covered by sub. (1) or (2). It inexorably follows that the "further proceedings" contemplated by our remand in *Ondrasek* are the very type contemplated by sec. 808.08(3).

183

■

We see no reason to adopt a different definition of "further proceedings" in the substitution statute, sec. 801.58(7), Stats., than that assigned to the remittitur statute, sec. 808.08, Stats., as discussed above. This harmonious reading of the two statutes is, of course, in keeping with the *in pari materia* rule of statutory construction.

■

Section 801.58(7), Stats., reflects a legislative intent to create an unqualified right to substitution after an appellate modification or reversal requiring further proceedings. *Oman*, 120 Wis.2d at 91, 352 N.W.2d at 223. Generally, a trial court upon remand may effect the appellate court's mandate by whatever procedure is deemed appropriate under the facts. Making a party's substitution right contingent upon the trial court's choice of procedure is not consistent with an unqualified right to substitution.

Keith argues that our decision in *Ondrasek* required merely a clarification upon remand of the trial court's earlier decision. This understates the extent of this court's reversal. As stated above, the trial court, upon remand, was to revalue the real estate and building, include in the marital estate and value the law firm receivables, and recalculate the overall property division and family support order. Such an extensive revision is certainly more than a mere clarification of an earlier decision.[3]

---

[3] Were our remand in *Ondrasek* only for purposes of clarification, such required action by the trial court might arguably constitute the "specific action" contemplated under sec. 808.08(1), Stats.

■

Keith also contends that Margaret's failure to include him as a named respondent on the caption of the petition, as called for by Rule 809.51, Stats., compels dismissal of the petition. We conclude that any error in the caption was harmless. *See* sec. 805.18(2), Stats. Keith was served and has participated in this proceeding. No prejudice has been demonstrated.

■

A petition for a supervisory writ will not be granted unless: (1) an appeal is an inadequate remedy; (2) grave hardship or irreparable harm will result; (3) the duty of the trial court is plain and it must have acted or intends to act in violation of that duty; and (4) the request for relief is made promptly and speedily. *State ex rel. Beaudry v. Panosian*, 35 Wis.2d 418, 426, 151 N.W.2d 48, 52 (1967). The petitioner's request for substitution was timely filed in proper form. Further proceedings were necessary in the trial court. Therefore, the trial court was under a plain legal duty to honor that request. Its refusal to do so warrants the exercise of this court's supervisory jurisdiction.

We therefore grant the petition for a supervisory writ of mandamus. The trial judge is directed to honor the request for substitution of judge and refer the matter to the chief judge of the judicial administrative district for assignment pursuant to sec. 801.58(2), Stats.

*By the Court.*—Writ granted.