STATE of Wisconsin EX REL. Theron E.
PARRISH, Petitioner,

v.

CIRCUIT COURT FOR KENOSHA COUNTY,
Hon. Michael S. Fisher, Chief Judge, Hon.
Bruce E. Schroeder, Presiding Judge, Hon.
Jerold W. Breitenbach, Presiding Judge, and
Patricia M. Parrish, Respondents.

Supreme Court

*No. 87-2342-W. Argued January 4, 1989.—Decided March 14, 1989.*

(Also reported in 436 N.W.2d 608.)

For the petitioner there was a petition for supervisory writ by *Nancy Barasch* and *John Crosetto Law Offices, S.C.,* Kenosha, and oral argument by *Ms. Barasch.*

For the respondents, circuit court for Kenosha county, Honorable Michael S. Fisher, chief judge; Honorable Bruce E. Schroeder, presiding judge; Honorable Jerold W. Breitenbach, presiding judge; and Patricia M. Parrish, there was a response by *Dennis M. Cook* and *Cook & Franke, S.C.,* Milwaukee, and oral argument by *Dennis M. Cook.*

For the respondent, Patricia M. Parrish, there was a response and oral argument by *Mari Higgins-Frost,* Kenosha.

SHIRLEY S. ABRAHAMSON, J.   The court of appeals has, pursuant to sec. 809.61, Stats. 1987–88, certified to this court the petition for a supervisory writ of prohibition seeking to compel Chief Judge Michael S. Fisher, Judge Bruce E. Schroeder and Judge Jerold W. Breitenbach of the Circuit Court of Kenosha County to grant Theron E. Parrish's (the petitioner's) motion pursuant to sec. 801.58(7), for substitution of a judge. The petitioner sought to substitute a judge after the court of appeals reversed part of his divorce judgment and remanded the matter to the circuit court for further proceedings. We deny the writ.

The procedural facts are undisputed. The underlying action is a divorce action in which Judge Breitenbach ordered judgment. The husband in that action

701

(the petitioner in this matter) appealed the judgment to the court of appeals. The court of appeals ordered that "the judgment of the circuit court is reversed as to child support, maintenance and the property division, and the matter is remanded [to the circuit court] for further proceedings."

Upon remand to Judge Breitenbach and the petitioner's request for substitution of judge, pursuant to sec. 801.58(7), Stats. 1987–88, the matter was assigned to Judge Schroeder. Judge Schroeder refused to accept the case and returned it to Judge Breitenbach, concluding that, at least as applied to the facts in this case, sec. 801.58(7) was unconstitutional.[1]

Petitioner then instituted proceedings in this court seeking a supervisory writ of prohibition to prevent Kenosha County Circuit Judges Breitenbach, Fisher and Schroeder from having Judge Breitenbach hear the matter. This court accepted the petition and referred it to the court of appeals, which then certified the matter to this court.

The determinative issue is whether the petitioner in this case has a statutory right of substitution under

---

[1]Judge Schroeder *sua sponte* questioned the constitutionality of sec. 801.58(7) and requested briefs from the parties on that issue. A circuit court judge has the authority *sua sponte* to question the constitutionality of sec. 801.58(7). See *State v. Holmes,* 106 Wis. 2d 31, 40, 315 N.W.2d 703 (1982). Judge Schroeder ruled that the statute was unconstitutional and remanded the case to Judge Breitenbach.

Because we conclude that this case does not fall within sec. 801.58(7), we need not reach the issue of the constitutionality of the statute. This court upheld the constitutionality of the statute relating to substitution of judges in criminal cases in *State v. Holmes, supra.*

sec. 801.58(7), Stats. 1987–88. We conclude that he does not.

Sec. 801.58(7), Stats. 1987–88, permits a party to file a request for substitution when an appellate court orders a new trial or when it reverses or modifies the judgment or order such that further proceedings in the trial court are necessary. Sec. 801.58(7) provides:

> If upon an appeal from a judgment or order or upon a writ of error the appellate court orders a new trial or reverses or modifies the judgment or order as to any or all of the parties in a manner such that further proceedings in the trial court are necessary, any party may file a request under sub. (1) within 20 days after the filing of the remittitur in the trial court whether or not another request was filed prior to the time the appeal or writ of error was taken.

Sec. 801.58(7) does not expressly include or exclude divorce actions from its purview. In a series of divorce cases decided between 1874 and 1977, known as the *"Bacon-Bahr"* line of cases, this court has, however, interpreted sec. 801.58, and its predecessor substitution statutes, as being inapplicable to certain proceedings to modify divorce judgments. See *Bacon v. Bacon,* 34 Wis. 594 (1874); *Hopkins v. Hopkins,* 40 Wis. 462 (1876); *Sang v. Sang,* 240 Wis. 288, 3 N.W.2d 340 (1942); *Luedtke v. Luedtke,* 29 Wis. 2d 567, 139 N.W.2d 553 (1966); *Bahr v. Galonski,* 80 Wis. 2d 72, 257 N.W.2d 869 (1977).

The five *Bacon-Bahr* cases present almost identical fact situations: in a proceeding to modify a divorce judgment, a party is seeking substitution for a judge who has already heard contested proceedings relating to the divorce. This court has concluded that the *Bacon-Bahr* rule, which interprets sec. 801.58, Stats. 1987–88,

bars substitution in a proceeding to modify a divorce judgment when the judge against whom a request for substitution is filed is familiar with the parties or circumstances because he or she has heard either the original divorce action or subsequent proceedings relating to the divorce. *State ex rel. Tarney v. McCormack,* 99 Wis. 2d 220, 233, 298 N.W.2d 552, (1980).[2]

In reaching this conclusion, the court has identified two public policy reasons for interpreting sec. 801.58 as being inapplicable to proceedings to modify divorce judgments: (1) The trial judge has become familiar with the parties and the circumstances of the case and is, by reason of this experience, best prepared to hear further proceedings in the case; (2) denial of substitution facilitates efficient allocation of judicial resources. *State ex rel. Tarney v. McCormack,* 99 Wis. 2d 220, 233, 298 N.W.2d 552 (1980).

The *Bacon-Bahr* cases involved proceedings at the trial court level to modify a divorce judgment. The *Bacon-Bahr* rule is not directly applicable to this case, because this case involves a remand to the circuit court after an appeal.

We conclude that, regardless of whether a divorce judgment returns to the circuit court by way of a motion for modification or a remand for further proceedings upon appeal, the policy considerations underpinning the *Bacon-Bahr* rule interpreting sec. 801.58, that is, the trial judge's familiarity with the case and judicial

---

[2]In *Tarney,* the petitioner requested substitution of a judge who had no prior involvement in the divorce action. The court concluded that the *Bacon-Bahr* rule does not apply when the trial judge against whom a request of substitution is filed has not heard the original divorce action or subsequent proceedings relating to the divorce judgment.

efficiency, may be equally applicable, depending on the nature of the proceedings on remand after appeal. The purpose of the *Bacon-Bahr* rule is clearly served by its application to remand of divorce proceedings upon appeal where, as in the case at bar, a clarification of judgment is required rather than a new trial.

This case should be returned to Judge Breitenbach because the court of appeals' instruction on remand calls primarily for clarification of his original decision. Although the court of appeals reversed the judgment, it did not require a new trial and it did not suggest that a different judgment be reached. The court of appeals ordered the circuit judge to explain fully the reasons for his decisions and to state on the record that he had considered all relevant factors. With substitution, a new judge would have to either guess Judge Breitenbach's intentions or expend considerable time and effort rehearing the case. In a case like this one involving remand for clarification or modification, the *Bacon-Bahr* rule justifies denial of substitution.

The court of appeals in this case concluded that the circuit court had abused its discretion in three respects: It failed to set forth adequately the reasons for its child support award; it failed to explain its reasons for not awarding the husband interest on the balance due on the property division and for treating any amount that would otherwise be considered interest as additional child support; and it failed to describe on the record its consideration of the tax consequences of awarding maintenance and dividing the parties' property.

The court of appeals described what the circuit court should do on remand with regard to these three issues as follows:

705

On the issues of child support and interest, the court of appeals wrote that "[o]n remand, [the trial court] must fully explain the reasons for its child support award and its decision regarding interest, applying either the percentage standards or the factors set forth [in the statutes], and altering its prior award or reinstating it as it deems warranted in the proper exercise of its discretion."

On the tax ramifications, the court of appeals concluded that "[w]hile the trial court may ultimately decide the issues regarding maintenance, child support, family support and the property division in the same way they were decided in its initial judgment, it must first consider and address these tax ramifications on the record, making new awards as it deems appropriate."

The court of appeals' instructions, by their nature, presume that on remand the circuit judge will be the same judge who ordered the original judgment. A substitution of judge would result in the matter being reviewed by a judge who, while completely unfamiliar with the parties and circumstances of the case, would be expected to supply the rationale for the discretionary decisions of another judge. In this case, as in the *Bacon-Bahr* cases, the original judge is familiar with the parties, the circumstances of the case and, presumably, with his own reasoning processes. Thus we conclude that the public policy grounds underlying the *Bacon-Bahr* rule apply to this case.

Petitioner argues that the benefits resulting from the continuity of Judge Breitenbach's involvement are minimal because two years have elapsed since the appeal. We conclude that regardless of the passage of time, the circuit judge who heard the evidence and crafted the original divorce order is in a better position

to provide the rationale behind the order than a circuit judge who has no familiarity with the proceeding.

We hold that the consistent interpretation of the *Bacon-Bahr* rule as an exception to sec. 801.58 (and earlier statutes) extends to sec. 801.58(7), Stats. 1987–88. The purpose of the *Bacon-Bahr* rule is clearly served by its application to remand of divorce proceedings upon appeal where, as in the case at bar, the case is remanded for clarification of judgment. Accordingly we conclude that sec. 801.58(7) is not applicable to this case.

*By the Court.* The petition is denied.