STATE of Wisconsin EX REL. Marie E. HUBERT,
Petitioner,

v.

CIRCUIT COURT FOR WINNEBAGO COUNTY,
the Honorable Thomas S. Williams, Presiding and
John P. Hubert, Jr., Respondents.

Court of Appeals

*No. 91–0828–W. Submitted on briefs April 9, 1991.—Decided
May 29, 1991.*

(Also reported in 471 N.W.2d 615.)

For the petitioner there was a petition for supervisory writ by *Michael S. Heffernan* and *Linda Roberson*

of *Stolper, Koritzinsky, Brewster & Neider, S.C.,* of Madison.

For the respondent, Circuit Court for Winnebago County, *Honorable Thomas S. Williams,* there was a response by Judge Williams on his own behalf.

For the respondent, John P. Hubert, Jr., there was a response by *Howard T. Healy, Jr.,* and *William Stroik* of *Di Renzo and Bomier* of Neenah.

Before Nettesheim, P.J., Scott and Anderson, JJ.

PER CURIAM. Marie E. Hubert has filed a petition for a supervisory writ of mandamus to compel the Honorable Thomas S. Williams to honor her request for substitution of judge, filed under sec. 801.58(7), Stats. Both Judge Williams and Marie's former husband, John P. Hubert, Jr., have filed responses opposing the petition. Because sec. 801.58(7) is not applicable to this case, a divorce matter remanded from this court for further proceedings, we deny the petition.

In an appeal from the original judgment of divorce, this court affirmed the circuit court's treatment of John's accounts receivable, reversed the maintenance and child support awards and remanded to the circuit court for further proceedings. *Hubert v. Hubert,* 159 Wis. 2d 803, 465 N.W.2d 252 (Ct. App. 1990).

After the case was remitted to the circuit court, Marie filed a request for substitution of judge under sec. 801.58(7), Stats.[1] Judge Williams denied the request

[1]Section 801.58(7), Stats., provides:

> If upon an appeal from a judgment or order or upon a writ of error the appellate court orders a new trial or reverses or modifies the judgment or order as to any or all of the parties in a manner such that further proceedings in the trial court are necessary, any party may file a request under sub. (1) within 20 days after the filing of the remittitur in the trial court whether or not another request was filed prior to the time the appeal or writ of error was taken.

because of judicial efficiency and his familiarity with the facts and witnesses. Judge Williams interpreted this court's mandate "to require the trial court to review the evidence in light of the guidance supplied as to its exercise of discretion." Citing *State ex rel. Parrish v. Circuit Court,* 148 Wis. 2d 700, 436 N.W.2d 608 (1989), Judge Williams ruled that the peremptory right to substitution of judge after appeal set forth in sec. 801.58(7) did not apply to this case. We agree.

In *Parrish,* the supreme court extended the case law limitation of the right of judicial substitution in divorce modification proceedings, commonly known as the *Bacon-Bahr* rule, to a substitution request made under sec. 801.58(7), Stats. *Parrish,* 148 Wis. 2d at 704–05, 436 N.W.2d at 610. The court identified the two public policies that underlie the *Bacon-Bahr* rule: (1) the trial judge is familiar with the parties and circumstances of the case, thereby making him or her best prepared to hear further proceedings in the case; and (2) the denial of substitution facilitates efficient allocation of judicial resources. *Parrish,* 148 Wis. 2d at 704, 436 N.W.2d at 610. The court held that those policy considerations may be equally applicable after an appeal depending on the nature of the proceedings on remand. *Id.* at 704–05, 436 N.W.2d at 610.

After reviewing the nature of the remand from this court in the underlying divorce, the supreme court in *Parrish* ruled that substitution should not be allowed. The trial court had been directed to explain the reasons for the child support award, "altering its prior award or reinstating it as it deems warranted in the proper exercise of its discretion." *Id.* at 706, 436 N.W.2d at 611. The trial court also had been directed to consider the tax ramifications of its maintenance, child support and property division orders and address those ramifications

on the record, "making new awards as it deems appropriate." *Id.*

In her petition, Marie contends that *Parrish* does not preclude substitution of judge in every post-appeal setting. She argues that *Parrish* does not clearly delineate the right to substitution when the appellate remand calls for more than a clarification of the original decision but less than a new trial. Marie contends that this case presents a "middle ground" of further proceedings that are not affected by the holding of *Parrish.* Marie further emphasizes the importance of the right to substitution and argues that *Parrish* should be narrowly construed.

One argument made by Marie can be dismissed out of hand. She contends that the *Bacon-Bahr* rule is a "historical accident" and not sound policy. The supreme court in *Parrish* approved the *Bacon-Bahr* rule and extended it to sec. 801.58(7), Stats. This court cannot ignore that holding and declare the *Bacon-Bahr* rule to be bad policy.

Marie contends that the remand in *Parrish* called only for the trial court to clarify its original decision as opposed to this case where the court is to redetermine an appropriate award of both child support and maintenance after a consideration of the relevant statutory factors. Marie characterizes the remand in this case as "more involved" than a simple clarification.

We do not read our remand in this case to require the trial court to take further evidence. Judge Williams correctly interpreted this court's decision as directing the trial court to redetermine maintenance and child support based on the evidence already of record, in light of this court's opinion. We should note that this petition does not address the scope of *Parrish* where the appel-

late remand calls for the trial court to take further evidence prior to rendering a decision.

The remand in this case directs the court to consider the relevant statutory factors of sec. 767.25(1m), Stats., and to award child support accordingly and in light of this court's discussion on the post-majority educational trust issue. Our discussion of maintenance was more extensive but the essentials of the remand are identical. The trial court is authorized to make a new maintenance award after considering the fairness objective of maintenance.

In *Parrish,* the court was to explain its reasons for the child support order, either altering the original award or reinstating it if warranted after the proper exercise of discretion. *Id.* at 706, 436 N.W.2d at 611. The trial court was also authorized to make new maintenance, child support and property division orders if deemed necessary after the court considered the tax ramifications. *Id.* The remand in this case is not unlike the remand in *Parrish.*

■

Marie contends that *Parrish* should be narrowly construed because its holding and the *Bacon-Bahr* rule are contrary to the legislative approval of the right to judicial substitution found in sec. 801.58, Stats. We are not persuaded. The *Bacon-Bahr* rule has existed for over one hundred years and the legislature has not amended sec. 801.58 to limit the effect of the rule. We decline to adopt the narrow construction of *Parrish* urged by Marie.

Marie's strongest argument lies in her query as to which forum should decide whether the nature of the appellate remand in a divorce precludes the substitution of judge. Marie contends that allowing the trial court after remittitur to interpret the remand is contrary to the longstanding policy behind the judicial substitution

statutes that the trial court should only determine timeliness and form of a substitution request and should not assess the merits.

We conclude that *Parrish* should be broadly construed to apply whenever a divorce judgment is reversed and remanded for further consideration of any aspect of the judgment on the strength of the record developed at trial. Under those circumstances, the *Bacon-Bahr* rule takes precedence and judicial substitution is not available. Such a broad construction mitigates the impact of the concerns expressed by Marie.

We conclude that the *Bacon-Bahr* rule as extended to sec. 801.58(7), Stats., in *Parrish* precludes the substitution of judge under these facts. Therefore, Judge Williams correctly denied Marie's substitution request.

*By the Court.*—Writ denied.