IN the MATTER OF the ESTATE OF Valerie RUSILOWSKI, a/k/a Valerie W. Rusilowski:

Richard CUCCIO and Loetta Cuccio, Appellants,

v.

Bernard G. RUSILOWSKI, Respondent.

Court of Appeals

*No. 92-0998-FT. Submitted on briefs July 30, 1992.—Decided October 7, 1992.*

(Also reported in — N.W.2d —.)

On behalf of the appellants, there was a petition for writ of prohibition by *Kris M. Klovers* and *Donald A. Allen* of *Domnitz, Mawicke, Goisman & Rosenberg, S.C.* of Milwaukee.

On behalf of the respondents, there was a response to the petition for writ of prohibition by *Robert J. Reinertson* of *Hess, Daubert, Dexter & Reinertson, S.C.* of Wausau.

Before Brown, Anderson and Snyder, JJ.

ANDERSON, J. Richard and Loetta Cuccio appeal from an order granting the request of the personal representative of the estate for a substitution of judge.[1] The Cuccios maintain that our mandate in an unpublished per curiam opinion, *In re Rusilowski*, No. 91-0524, unpublished slip op. (Wis. Ct. App. Jan. 22, 1992), does not require "further proceedings" and the

---

[1] The Cuccios originally filed a petition for a supervisory writ of prohibition seeking to prevent the court administrator for the Second Judicial Administrative District from reassigning *In re Rusilowski*, Racine County Cir. Ct. No. 90-PR-34, after the Honorable Nancy E. Wheeler entered an order granting the request for a substitution of judge made by Bernard G. Rusilowski, the personal representative of the estate. Because this court does not have original jurisdiction to compel the chief administrative judge of a judicial administrative district to assign an action to another judge, the Cuccios' petition could have been dismissed. *See State ex rel. Gilboy v. Circuit Court*, 119 Wis. 2d 27, 349 N.W.2d 712 (Ct. App. 1984). However, because of the question presented, we exercised our discretion to look at the substance and nature of the document, *see In re Town of Fitchburg*, 98 Wis. 2d 635, 647-48, 299 N.W.2d 199, 205 (1980), and we chose to construe the document as a leave to appeal, which we granted.

estate does not have the right to substitution of the original judge assigned to this case. The estate's argument is that our remand contemplates "further proceedings" because the probate court, in all likelihood, will require briefs and oral argument; therefore, it is entitled to a substitution of the judge assigned under sec. 801.58(7), Stats. We conclude that our remand orders the probate judge to take specific action after remittitur rather than to conduct "further proceedings;" therefore, we reverse the order of the probate court granting the estate its request for a substitution of judge.

This appeal originates from proceedings in the probate court after our remand in *Rusilowski.* In that per curiam decision we reversed the probate court's determination that the estate failed to meet its burden of proving that the decedent's signature had been forged to a document of conveyance. *Rusilowski,* slip op. at 2. We concluded that when a claimant seeks to require a personal representative to make a conveyance of real estate, the burden of proof is on the claimant to establish the validity of the decedent's signature on the purported document of conveyance. *Id.,* slip op. at 4. In that per curiam, we wrote: "[W]e conclude that the probate court's decision was based on an improper assignment of the burden of proof. We remand the case and instruct the probate court to redecide the issue on the present record with the proper allocation of the burden of proof." *Id.,* slip op. at 4–5 (footnote omitted). At the conclusion of that per curiam we again stated our directions: "We remand this case and direct the probate court to redecide the issue of whether the Cuccios are entitled to specific performance under the proper allocation of the burden of proof." *Id.,* slip op. at 7.

After remittitur, the estate filed a request for substitution of judge under sec. 801.58(7), Stats. After consid-

ering objections from the Cuccios, the probate court reluctantly granted the request. The probate court commented that although it believed that the rationale of *State ex rel. Parrish v. Circuit Court,* 148 Wis. 2d 700, 436 N.W.2d 608 (1989), should be extended to this case, existing law directed that the substitution request be honored.[2]

The issue before this court is whether our remand requires "further proceedings" giving a party the right of substitution of the judge assigned under sec. 801.58(7), Stats. This is a question of statutory interpretation which we review *de novo. See State ex rel. Town of Delavan v. Circuit Court,* 167 Wis. 2d 719, 723, 482 N.W.2d 899, 900–01 (1992).

The resolution of this question is governed by the principles set forth in *State ex rel. Ondrasek v. Circuit Court,* 133 Wis. 2d 177, 394 N.W.2d 912 (Ct. App. 1986) *(Ondrasek II).* In *Ondrasek II,* we were called upon to determine whether the remand in the underlying action[3] supported a request for substitution of judge. In making this determination we were required to construe secs. 801.58(7)[4] and 808.08, Stats.[5]

[2]In *State ex rel. Parrish v. Circuit Court,* 148 Wis. 2d 700, 436 N.W.2d 608 (1989), our supreme court held that in a divorce proceeding, public policy reasons prevented the application of sec. 801.58(7), Stats., to allow for substitution of the judge. *Parrish,* 148 Wis. 2d at 704–05, 436 N.W.2d at 610–11. Because we hold that the remand directions are not "further proceedings" within sec. 801.58(7) and thus that the statute does not apply, we do not address whether the *Parrish* rationale should extend to probate proceedings.

[3]*Ondrasek v. Ondrasek,* 126 Wis. 2d 469, 377 N.W.2d 190 (Ct. App. 1985) *(Ondrasek I).*

[4]Section 801.58(7), Stats., provides:

651

In *Ondrasek II,* we held that both secs. 801.58(7) and 808.08, Stats., contemplate, in part, "further proceedings" in the trial court following a remand from an appellate court. *Ondrasek II,* 133 Wis. 2d at 182, 394 N.W.2d at 914. We also held that the phrase "further proceedings" was not ambiguous when the two statutes are read in harmony with each other. *Ondrasek II,* 133 Wis. 2d at 182–83, 394 N.W.2d at 914. We concluded that "[s]ection 808.08(1), Stats., addresses a situation where the trial judge is ordered to take specific action following remittitur." *Ondrasek II,* 133 Wis. 2d at 183, 394 N.W.2d at 914. (Emphasis in original.) We then determined that sec. 808.08(3) is a "catch-all" provision which includes all actions or proceedings not governed by sec. 808.08(1) or (2). *Ondrasek II,* 133 Wis. 2d at 183, 394 N.W.2d at 914. We also concluded that the "further proceedings" of sec. 801.58(7) should be given the same

If upon an appeal from a judgment or order or upon a writ of error the appellate court orders a new trial or reverses or modifies the judgment or order as to any or all of the parties in a manner such that further proceedings in the trial court are necessary, any party may file a request under sub. (1) within 20 days after the filing of the remittitur in the trial court whether or not another request was filed prior to the time the appeal or writ of error was taken.

[5]Section 808.08, Stats., provides:

**Further proceedings in trial court.** When the record and remittitur are received in the trial court:

**(1)** If the trial judge is ordered to take specific action, the judge shall do so as soon as possible.

**(2)** If a new trial is ordered, the trial court, upon receipt of the remitted record, shall place the matter on the trial calendar.

**(3)** If action or proceedings other than those mentioned in sub. (1) or (2) is ordered, any party may, within one year after receipt of the remitted record by the clerk of the trial court, make appropriate motion for further proceedings. If further proceedings are not so initiated, the action shall be dismissed except that an extension of the one-year period may be granted, on notice, by the trial court, if the order for extension is entered during the one-year period.

meaning as in sec. 808.08(3).[6] *Ondrasek II,* 133 Wis. 2d at 184, 394 N.W.2d at 914. By implication, we held that there would be no right of substitution if a mandate required only specific action by the trial court as contemplated in sec. 808.08(1). *See Ondrasek II,* 133 Wis. 2d at 184 n.3, 394 N.W.2d at 915. We conclude that, as a result, the right of substitution contained in sec. 801.58(7) would apply to the trial court proceedings after remittitur contemplated by sec. 808.08(3).

We then reviewed our mandate in the underlying action and held that it directed nothing specific of the trial judge. We pointed out that the mandate would require the trial judge to conduct "further proceedings" to revalue the real estate and building, include in the marital estate and value the law firm receivables, and recalculate the overall property division and family support order. We found that this was an extensive revision of the original judgment that called for the type of proceedings contemplated in sec. 808.08(3), Stats. *Ondrasek II,* 133 Wis. 2d at 183, 394 N.W.2d at 914. We wrote that a harmonious reading of secs. 801.58(7) and 808.08, Stats., led to the conclusion that we had ordered the "further proceedings" contemplated by sec. 801.58(7) to justify the right of substitution of the assigned judge. *Ondrasek II,* 133 Wis. 2d at 184, 394 N.W.2d at 914. In short, our remand required the trial court to *add* to the

---

[6]When a cause is remanded for "further proceedings" the trial court must effectuate the appellate court's mandate so far as its direction extends. *State ex rel. Ondrasek v. Circuit Court,* 133 Wis. 2d 177, 181, 394 N.W.2d 912, 913 (Ct. App. 1986). The trial court "is left free to make any order or direction in further progress of the case, not inconsistent with the decision of the appellate court, as to any question not presented or settled by such decision." *Id.*

record and make further factfinding after revaluing and recalculating.

The facts of this case are distinguishable from *Ondrasek II.* Here, our mandate directs specific action by the probate court. The probate court is required to apply the correct burden of proof to the record developed in the trial in the underlying action and then to redecide if the Cuccios are entitled to specific performance. Because this mandate did not order a new trial, sec. 808.08(2), Stats., is not applicable. Because this mandate did not order extensive action on the part of the probate court, sec. 808.08(3) is not applicable. Rather, our mandate in *Rusilowski* falls squarely under sec. 808.08(1) because it directs specific action only. No new facts need be garnered; no added record need be made. Rather, the trial court is left with the same record and need not add to it. Therefore, consistent with our holding in *Ondrasek II,* the right of substitution under sec. 801.58(7), Stats., does not attach to proceedings in the trial court after remittitur where the mandate of the appellate court requires the trial judge to perform specifically directed actions.

*By the Court.*—Order reversed.

SNYDER, J. *(dissenting).* The majority holds that the issue before us is whether our remand requires "further proceedings," giving the estate the right of substitution of the judge assigned under sec. 801.58(7), Stats., and disposes of the issue as a question of law. I disagree. The issue before us is whether or not the trial court abused its discretion in granting the request for substitution under sec. 801.58(7).

In the first *Rusilowski* holding, we reversed the trial court on the basis of an improper assignment of the

654

burden of proof. *In re Rusilowski,* No. 91-0524, unpublished slip op. at 4-5 (Wis. Ct. App. Jan. 22, 1992). Upon remand, we directed that the trial court "redecide the issue on the present record with the proper allocation of the burden of proof." *Id.* The remand was not ministerial, but required the trial court to redecide whether or not the decedent had legally conveyed a parcel of real estate weeks before her death, where a claim of forgery had been raised by the estate. Upon remand, the estate filed a request for substitution, and the trial court granted the request. Because our mandate did not clearly limit the trial court to only ministerial matters and because a trial court need not always agree with the specific manner in which the appellate court may determine the mandate may be satisfied, I would hold that the trial court did not misuse its discretion and affirm.

I dissent for three reasons. First, I believe that our mandate in the original appeal did not direct "specific action only," majority op. at 654, but rather was sufficiently open-ended to justify the trial court's honoring the substitution request. Second, I conclude that the majority's interpretation of *State ex rel. Ondrasek v. Circuit Court,* 133 Wis. 2d 177, 394 N.W.2d 912 (Ct. App. 1986) *(Ondrasek II),* an interpretation admittedly inferential, unnecessarily limits the discretion vested in the circuit court upon remand. Third, I conclude that the facts of this case (involving, as they do, a trial judge who decided that substitution was allowed under this court's mandate) are sufficiently different from those in *Ondrasek II* (involving a trial judge who decided that substitution was not allowed under this court's mandate) to make *Ondrasek II* distinguishable.

I begin by looking to pre-*Ondrasek II* case law. In *Fullerton Lumber Co. v. Torborg,* 274 Wis. 478, 483-84, 80 N.W.2d 461, 464-65 (1957), our supreme court stated:

Where a mandate directs the entry of a particular judgment, it is the duty of the trial court to proceed as directed. The trial court may, however, determine any matters left open, and in the absence of specific directions, is generally vested with a legal discretion to take such action, not inconsistent with the order of the upper court, as seems wise and proper under the circumstances. . . . In cases in which the appellate court reverses the decree and remands the cause to the lower court for further proceedings, that court can carry into effect the mandate of the appellate court only so far as its direction extends; but the lower court is left free to make any order or direction in further progress of the case, not inconsistent with the decision of the appellate court, as to any question not presented or settled by such decision. [Citations omitted.]

I take this to mean that, upon remand, a trial court has discretion to act, as long as such action is "not inconsistent with the order of the upper court." *Id.* at 483, 80 N.W.2d at 464. Because *Fullerton* allows a trial court some leeway to act, even where the appellate court "directs the entry of a particular judgment," *id.,* I believe that the mandate from the appellate court must unequivocally restrict the action to be taken on remand to the purely ministerial; if the remand leaves any room for doubt about the scope, then the trial judge has discretion to act within the boundaries circumscribed by that remand.

My understanding of *Fullerton* also leads me to distinguish the *Ondrasek II* situation from that presented here. In *Ondrasek II,* this court found error in the trial court's determination that the appellate mandate precluded a substitution of judge. *Ondrasek II,* 133 Wis. 2d at 180, 394 N.W.2d at 913. In essence, the trial court there was faulted for reading our remand too restric-

tively, *see id.* at 183, 394 N.W.2d at 914, and, in so doing, concluding that the trial court had less, rather than more, discretion. Given the *Fullerton* rule, which presumptively vests discretion in a trial court upon remand, *Ondrasek II* stands for the proposition that a trial court commits error if it interprets an appellate mandate too narrowly, that is, if it mistakenly concludes that the trial court has no discretion on remand.

Here, however, the majority reads *Ondrasek II* to act as both sword and shield. I am not convinced that it applies equally to a situation where the trial court assumes that it has discretion to act and accordingly assumes that a substitution request is proper. I am unpersuaded that this court's mandate in the original *Rusilowski* appeal was sufficiently particular (and limiting) to justify the application of *Ondrasek II.* I would not hold the trial court hostage to the words "on the present record," which occurred early in the decision but not again at its end.[7]

In light of the legislative intent to create an unqualified right to substitution after a reversal requiring "further proceedings," we should not, in any event, be in the business of deciding with finality what will be required

[7] I note that the Wisconsin Court of Appeals Style Manual (rev. June 8, 1990) at page eight states the following: "Include directions to the trial court in the paragraph immediately above the mandate line." Here, that paragraph of our original decision read: "We remand this case and direct the probate court to redecide the issue of whether the Cuccios are entitled to specific performance under the proper allocation of the burden of proof. If the court decides again in favor of the Cuccios, it is, in the exercise of its discretion, free to confirm its award of attorney's fees or permit Bernard to challenge the reasonableness of the award." *In re Rusilowski,* No. 91-0524, unpublished slip op. at 7 (Wis. Ct. App. Jan. 22, 1992).

by the trial court to "redecide" any evidentiary issue. Had the trial court denied the request for substitution, implicitly conceding the "specific action" scope of the remand, I would agree with my colleagues. The trial court did not do so. The fact that the trial court granted the request, in spite of some reservations, changes the ground rules, and I cannot find merit in the conclusion that the trial court misused its discretion. Section 801.58(7), Stats., reads, in part, that "[i]f upon an appeal . . . the appellate court . . . reverses . . . the judgment or order . . . *in a manner such that* further proceedings in the trial court are necessary, any party may file a request [for substitution]." (Emphasis added.) The words "in a manner such that" need not be read to say "and directs that." For this court to find the trial court in error for granting a request for substitution based upon our determination of what we think might be required in fully dealing with the remand is unwarranted and unnecessary.