IN RE the MARRIAGE OF: Carolyn Rae JARMAN
f/k/a Carolyn Rae Welter, Petitioner,

EAU CLAIRE COUNTY CHILD SUPPORT AGENCY,
Appellant,

v.

Larry Howard WELTER,
Respondent-Respondent.

Court of Appeals

*No. 2005AP1616. Submitted on briefs February 6, 2006.
—Decided February 14, 2006.*

2006 WI App 54

(Also reported in 711 N.W.2d 705.)

On behalf of the appellant, the cause was submitted on the brief of *Timothy J. Sullivan*, Eau Claire County Assistant Corporation Counsel, of Eau Claire.

On behalf of the respondent-respondent, there was no brief filed.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J. Eau Claire County Child Support Agency appeals a circuit court order, which upheld the family court commissioner's decision to exclude Larry Welter's overtime income when calculating his gross income and child support obligations. The Agency argues that whether to exclude overtime income is a discretionary decision, and the trial court and the court commissioner incorrectly excluded the overtime income from the calculation as a general policy, without exception. We agree with the Agency and reverse and remand with directions to reevaluate the child support obligation with due weight to the parties' circumstances. We also take this opportunity to remind the trial court and the court commissioner that when Wisconsin law calls for the exercise of discretion, there can be no general policy without exceptions.

## DISCUSSION

¶ 2. Larry and Carolyn Rae Welter were married on October 3, 1998, and divorced on May 3, 1999. While married, they had one child together. At the time of their divorce, Larry worked as a custodian, and he was ordered to pay a percentage of his gross income for child support. On January 29, 2002, the child support payment was converted from a percentage of gross income to a fixed dollar amount based on his 2001 income. On April 21, 2005, a modification hearing was held before a family court commissioner, and a new support obligation was ordered based on Larry's 2004 income. The court commissioner's order indicates that he excluded the overtime income as a general policy when calculating Larry's gross income and subsequent child support obligation. Counsel noted, and it is not disputed that,

859

this "Court Commissioner . . . has a policy of not including overtime. I think that's fairly wide known within the family law community."

¶ 3. The circuit court followed the court commissioner's decision, finding "The Court Commissioner's . . . policy of not including overtime is correct." The court reasoned,

> I do feel and I felt this way in divorce cases and so forth, it seems to, particularly if overtime is voluntary, that's the only opportunity a person has to get ahead on their own bills and so forth. And so if Mr. Welter is working diligently and earning a lot of overtime pay to pay his current obligations and . . . if he has other children . . . I think he ought to be entitled to do that. I think his basis of paying on his . . . regular pay and his longevity pay is fair, but I really disagree with going after overtime.

¶ 4. Child support determinations are within the trial court's discretion and will not be reversed absent an erroneous exercise of discretion. *Pergolski v. Pergolski*, 143 Wis. 2d 166, 173–74, 420 N.W.2d 414 (Ct. App. 1988). Wisconsin law requires that child support obligations be expressed as a fixed sum unless the parties stipulate otherwise, Wis. Stat. § 767.25(1)(a),[1] based upon a percentage of gross income and assets calculation (the percentage standard). Wis. Stat. § 767.25(1j). Gross income includes, among other things, all salary and wages. Wis. Admin. Code § DWD 40.02(13)(a)1 (Dec. 2003).

¶ 5. The court has the discretion to deviate from the percentage standard based on the facts of each case

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

if its application would be unfair to the child or any of the parties. WIS. STAT. § 767.25(1m). To determine fairness, sixteen different factors are considered, which relate to the circumstances surrounding the parents, the child or any of the parties. *Id.* The sixteen factors include a catch-all factor, which states the court may modify the child support obligation based on "[a]ny other factors which the court in each case determines are relevant." WIS. STAT. § 767.25(1m)(i). If the court deviates from the percentage standard,

> the court shall state in writing or on the record the amount of support that would be required by using the percentage standard, the amount by which the court's order deviates from that amount, its reasons for finding that use of the percentage standard is unfair to the child or party, its reasons for the amount of modification and the basis for the modification.

WIS. STAT. § 767.25(1n). Thus, although the circuit court is not required to precisely follow the percentage standard, "it must articulate its reasoning process for the decision to remain within the support guidelines or to deviate from them." *Rumpff v. Rumpff,* 2004 WI App 197, ¶ 14, 276 Wis. 2d 606, 688 N.W.2d 699.

¶ 6. We agree with the Agency that the circuit court erred when it upheld the court commissioner's decision to exclude overtime pay as a general policy without exception when applying the percentage standard. Overtime income clearly constitutes a portion of salary and wages, and Wisconsin law does not exclude overtime income in the application of the percentage standard. *See* WIS. ADMIN. CODE § DWD 40.03(1) (Dec. 2003). Further, the court and the court commissioner could have deviated from the percentage standard if

they considered the above factors and articulated their reasoning regarding why its normal application would be unfair to the child or the parties. *See Rumpff*, 276 Wis. 2d 606, ¶ 14.

¶ 7. We recognize there may be circumstances when overtime income may be excluded from the gross pay of a spouse if it would be unfair to the parties or other factors supported exclusion. However, here the circuit court and the court commissioner simply applied a general policy against including overtime income in the application of the percentage standard. It is erroneous for a court commissioner or a court to set forth a general policy regarding the calculation of a child support obligation when the law calls for an exercise of discretion. *See In re Steven J.S*, 183 Wis. 2d 347, 351, 515 N.W.2d 719 (Ct. App. 1994) ("The trial court properly exercises its discretion if it articulates its reasons, bases its decision on facts of record and the correct legal standards, and the [child support] award is neither excessive nor inadequate."). Thus, we reverse and remand with directions to the circuit court to analyze the facts and apply the proper legal standards when exercising its discretion on whether to exclude overtime income.

*By the Court.*—Order reversed and cause remanded with directions.